**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CONARD WHITMORE JOHNSON, a.k.a. Conrad Whitman Johnson, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 11-72752 <br><br> Agency No. A099-005-061 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 10, 2012**

Before:     WARDLAW, CLIFTON, and N.R. SMITH, Circuit Judges.

Conard Whitmore Johnson, a native and citizen of Jamaica, petitions pro se

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's ("IJ") decision denying his application for

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

cancellation of removal, asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Our jurisdiction is governed by 8 U.S.C. § 1252. We review de novo questions of law and for substantial evidence factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny in part and dismiss in part the petition for review.

We reject the government's contention that we lack jurisdiction over this petition for review due to Johnson's conviction because the agency did not rely on his conviction in denying his claims for asylum, withholding of removal, and CAT relief. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1074-76 (9th Cir. 2008) (finding jurisdiction over withholding of removal and CAT claims where agency denied claims on merits, not on the basis of petitioner's conviction).

We lack jurisdiction to review Johnson's adjustment of status claim, his procedural due process contentions, and his contentions regarding his family's testimony and an alleged pattern or practice of persecution against members of the Jamaica Labour Party, because he did not raise these issues to the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004). We also decline to consider the new evidence Johnson attaches to his opening brief because our review is limited to the administrative record underlying the agency's decision. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir. 1996) (en banc).

The IJ denied asylum as time-barred, a finding Johnson did not challenge before the BIA. *See Barron*, 358 F.3d at 678. Further, the BIA found Johnson waived his CAT claim, and he did not exhaust the arguments he now raises with respect to CAT relief. *See id.* In addition, the BIA denied cancellation of removal solely based on his conviction, a finding Johnson does not challenge. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996). Accordingly, Johnson's asylum, CAT, and cancellation of removal claims fail.

With respect to withholding of removal, substantial evidence supports the agency's determination that the police mistreatment of Johnson in Jamaica did not rise to the level of persecution. *See Nagoulko* v. INS, 333 F.3d 1012, 1016-17 (9th Cir. 2003) (record did not compel a finding of past persecution where petitioner "never suffered any significant physical violence"); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (unfulfilled threats constituted harassment rather than persecution). Thus, Johnson's contention that he is entitled to a presumption of future persecution fails. *See Molina-Estrada v. INS*, 293 F.3d 1089, 1096 (9th Cir. 2002). In addition, substantial evidence supports the agency's determination that Johnson failed to show it is more likely than not he will be persecuted in Jamaica on account of a protected ground. *See Nagoulko*, 333 F.3d at 1018 (petitioner's fear was "too speculative"); *Molina-Morales v. INS*, 237 F.3d 1048, 1051-52 (9th

Cir. 2001) (evidence suggested petitioner feared harm because of a personal matter, not his political opinion). Moreover, Johnson's contentions that the agency relied on non-record evidence and rejected his claim for lack of corroboration are belied by the record. Accordingly, Johnson's withholding of removal claim fails.

Finally, we deny Johnson's request for oral argument. To the extent he requests a stay of removal, which has been denied three time, we reject his request.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**